UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DRO MNATSAKANYAN,<br><br>　　Plaintiff,<br><br>　v.<br><br>FERETI SEMAIA et al.,<br><br>　　Defendants. | Case No. 5:26-cv-00280-SB-SSC<br><br>ORDER GRANTING IN PART EX PARTE APPLICATION FOR TEMPORARY RESTRAINNG ORDER AS UNOPPOSED [DKT. NO. 5] |

　　Petitioner Dro Mnatsakanyan, an Armenian citizen, applied for admission to the United States in August 2022.  At that time, he was detained by Department of Homeland Security officers and paroled into the United States on an order of supervision (OSUP) on September 1, 2022.  Since entering the country, he has complied with all terms of his OSUP, including regularly reporting for court hearings and check-ins.  He also filed an application for asylum in March 2023.

　　During a routine check-in on December 29, 2025, Immigrations and Customs Enforcement (ICE) revoked Petitioner's OSUP, detained him, and brought him to the Adelanto ICE Processing Center, where he remains.  He has not received an individualized bond hearing to determine whether he is a danger or flight risk.

　　On January 22, 2026, he filed a petition for habeas corpus, asserting that his detention violates his due process rights and constitutes an unlawful arrest.  Dkt. No. 1.  On February 2, Petitioner filed an application for a temporary restraining order (TRO) seeking his immediate release or a bond hearing.  Dkt. No. 5.  The government timely responded to the TRO application, stating that it "acknowledge[s] that Petitioner appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025)," and that "to the

1

extent Petitioner would be entitled to any remedy via the TRO Application, at most it would be ordering a bond hearing to be held before an Immigration Judge under Section 1226(a)." Dkt. No. 7 at 2. The government also notes that several months prior to his detention by ICE, Petitioner was arrested for violating California Vehicle Code § 23152(b).

The Court therefore finds that Petitioner is a member of the *Bautista* class entitled to a bond hearing and, pursuant to that decision, orders as follows:

1. Respondents shall provide Petitioner with an individualized bond hearing before an immigration judge within seven days of this order, in accordance with 8 U.S.C. § 1226(a) and its implementing regulations, including 8 C.F.R. §§ 236.1(d)(1), 1003.19.[1]

2. Petitioner's request for immediate release is denied.

3. To preserve the status quo pending the outcome of the bond hearing and adjudication of the habeas petition, Respondents are temporarily enjoined from transferring Petitioner outside the Central District of California.

4. By 10:00 a.m. on February 17, 2026, Petitioner shall file a request for dismissal of his habeas petition or show cause why dismissal should not be ordered in light of the relief given. Failure to timely respond will be construed as consent to dismiss the petition and close the case.

Date: February 5, 2026

_____
Stanley Blumenfeld, Jr.
United States District Judge

---

[1] Petitioner has not shown that he is entitled to a bond hearing in which the government bears the burden by clear and convincing evidence. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) (explaining that persons detained under § 1226(a) are entitled to release on bond "if at [the bond] hearing the detainee demonstrates by the preponderance of the evidence" that he is not a threat or flight risk).